**In the Matter of DILIBERO & COLOIAN, LLP.**

**No. 2011–395–APPEAL.**

Supreme Court of Rhode Island.

Jan. 27, 2012.

George J. West.

Steven D. DiLibero, Gregory J. Acciardo

## ORDER

Attorney Artin Coloian (Coloian) appeals from a Superior Court justice's order denying his petition for the issuance of a judgment on the decision of a valuation panel appointed by this Court pursuant to Article II, Rule 10(h)(4) of the Supreme Court Rules on Admission of Attorneys and Others to Practice Law and quashing an execution previously issued in connection with the panel's decision. Upon our consideration thereof, we hereby vacate that portion of the Superior Court order quashing the execution. The relevant case travel is as follows.

The panel appointed in this matter awarded Coloian the sum of $153,575.00, plus prejudgment interest, the $153,575.00 figure being the amount the panel determined was the value of Coloian's interest in his former partnership with Attorney Steven D. DiLibero (DiLibero); and, when DiLibero refused to pay Coloian, Coloian petitioned this Court to enforce the panel's decision. On April 18, 2011, we denied the petition to enforce,[1] indicating in our order that a Rule 10(h)(4) proceeding "concludes with the reporting of the panel's decision and unless that decision is challenged through the filing of a petition for certiorari, the proceeding is closed and the panel's decision is final and binding on the parties."[2] Following our denial of the petition to enforce, Coloian petitioned the Superior Court *ex parte* for an execution on the award. A Superior Court justice issued the execution and Coloian levied on properties owned by DiLibero. DiLibero, however, thereafter moved to stay enforce-

ment of the execution on the grounds that the panel's award had not been reduced to judgment; and, after this stay request was granted, Coloian petitioned the Superior Court for the issuance of a judgment on the panel's decision. On December 5, 2011, a second Superior Court hearing justice delivered a comprehensive bench decision denying Coloian's petition. The hearing justice determined that the Superior Court lacked jurisdiction in the matter and that this Court possesses complete and exclusive authority over Rule 10(h)(4) valuation panels and their decisions, including in particular the enforcement thereof. The hearing justice accordingly quashed the execution previously issued in the case.

Following entry of an order incorporating these rulings, Coloian appealed to this Court, and he moved for a stay of the Superior Court order pending his appeal. The duty justice granted a temporary stay and assigned the motion to the January 5, 2012 conference for consideration by the full Court. Upon consideration thereof, we now summarily sustain Coloian's appeal and reverse the Superior Court ruling quashing the execution. We note at the outset that summary disposition of this appeal is appropriate for several reasons: first, because although the case came before us for the limited purpose of considering Coloian's motion for a stay pending appeal, the memoranda filed by counsel in connection with the stay request fully addressed the jurisdictional issue involved in the appeal; second, because this narrow jurisdictional issue arose in the context of this Court's rule dealing with limited liability entities; and finally, because we are quite familiar with all aspects of this mat-

---

1. See order issued on April 18, 2011 in *In the Matter of DiLibero & Coloian, LLP,* No.2008–117–M.P.

2. The Court denied DiLibero's petition for certiorari to review the panel's decision on May 26, 2011. *See In the Matter of DiLibero & Coloian, LLP,* No.2011–158–M.P.

ter, since as previously noted the panel's decision was before us for review pursuant to DiLibero's petition for certiorari and the current enforcement issue was the focus of Coloian's petition requesting that this Court enforce the panel's decision. As regards the merits of the appeal, we reiterate that in our order denying Coloian's petition to enforce, we declared the panel's decision and award to be "final and binding upon the parties," thereby in our view rendering it tantamount to a final judgment in the matter between these parties and enforceable as such in all respects in accordance with the applicable Rules of Civil Procedure. Therefore the issuance of an execution pursuant to Coloian's *ex parte* petition was procedurally proper.

The learned hearing justice, in her otherwise well reasoned decision, understandably misconstrued the import of our denial of the petition to enforce.

Accordingly, Coloian's appeal is sustained, and the Superior Court's ruling quashing the execution is reversed. The papers in the case are remanded to the Superior Court for further proceedings in accordance with the provisions of Rule 69 of the Superior Court Rules of Civil Procedure, which proceedings shall include the entry of an order reinstating the execution previously issued pursuant to appellant Coloian's *ex parte* petition. In the interim, the execution shall remain in full force and effect.

